2010 WY 72

**Ann T. DWAN, Appellant (Plaintiff),**

v.

**INDIAN SPRINGS RANCH HOME-OWNERS ASSOCIATION, INC., a Wyoming nonprofit corporation, Appellee (Defendant).**

No. S–09–0064.

Supreme Court of Wyoming.

June 3, 2010.

Representing Appellant: David G. Lewis, Jackson, Wyoming.

Representing Appellee: Edward F. Hess, Hess, Carlman & D'Amours, LLC, Jackson, Wyoming; Heather Noble, Jackson, Wyoming. Argument by Mr. Hess.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Ann Dwan contends that our previous decision in this same case, *Dwan v. Indian Springs Ranch Homeowners Ass'n, Inc.*, 2008 WY 74, ¶ 16, 186 P.3d 1199, 1203 (Wyo. 2008) (*"Dwan I"*) entitles her to summary judgment on her claims for damages and attorney's fees. The Indian Springs Ranch Homeowners Association disagrees. The district court ruled against Ms. Dwan, and granted summary judgment in favor of the Association. We will affirm the district court's decision.

## ISSUES

[¶ 2] Ms. Dwan presents two issues:

1. Whether the Supreme Court's earlier decision in this case entitles Ms. Dwan to summary judgment on her claims for breach of the Indian Springs Ranch Covenants, Conditions, and Restrictions (CCRs), and the opportunity to prove her damages.

2. Whether Ms. Dwan is entitled under the CCRs to attorney's fees and costs she has incurred in the enforcement of her contract rights in this litigation.

## FACTS

[¶ 3] The facts underlying this case were set forth in *Dwan I*, and will be summarized briefly here. In 1998, the Association approved the plans for Ms. Dwan's residence, even though the roof had a steeper pitch than allowed by the CCRs. In 2003, the Association approved Ms. Dwan's plans for a combination garage and guesthouse with the same roof pitch as the house. In 2006, Ms. Dwan sought approval for an addition to her home, proposing a roof with the same steep pitch. The Association denied that application on the basis that the roof pitch did not comply with the CCRs.

[¶ 4] Ms. Dwan sued the Indian Springs Ranch Homeowners Association, claiming that it had unreasonably denied her application to build the addition. Her complaint included claims both for equitable relief and for damages based on a breach of the CCRs. The district court granted summary judgment in favor of the Association on all claims, and Ms. Dwan appealed. We reversed the district court's ruling. *Dwan*, ¶ 16, 186 P.3d at 1203.

[¶ 5] On remand, the district court granted summary judgment in favor of Ms. Dwan on her claim for equitable relief. However, Ms. Dwan contended that she was also entitled to recover damages against the Association because it had breached the CCRs. She moved for summary judgment on the Association's liability for damages, and asked for an opportunity to prove her damages. She also sought to recover attorney's fees under the provisions of the CCRs. The district court denied Ms. Dwan's request for attorney's fees. It denied her motion for summary judgment on her breach of contract claim, and granted the Association's cross motion for summary judgment on that issue. Ms. Dwan appealed, bringing this case before us a second time.

## STANDARD OF REVIEW

[¶ 6] We apply this standard when reviewing a district court's decision to grant summary judgment:

> Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *Metz Beverage Co. v. Wyoming Beverages, Inc.*, 2002 WY 21, ¶ 9, 39 P.3d 1051, 1055 (Wyo.2002). "A genuine issue of material fact exists when a disputed fact, if it were proven, would establish or refute an essential element of a cause of action or a defense that the parties have asserted." *Id.* Because summary judgment involves a purely legal determination, we undertake *de novo* review of a trial court's summary judgment decision. *Glenn v. Union Pacific R.R. Co.*, 2008 WY 16, ¶ 6, 176 P.3d 640, 642 (Wyo.2008).

*Jacobs Ranch Coal Co. v. Thunder Basin Coal Co., LLC*, 2008 WY 101, ¶ 8, 191 P.3d 125, 128–29 (Wyo.2008).

## DISCUSSION

### Claim for damages for breach of contract

[¶ 7] As noted above, the district court denied Ms. Dwan's motion for summary judgment on her claim for damages for breach of contract, and granted the Association's cross-motion for summary judgment on that claim. The district court's order contains this explanation for the decision:

7. This Court interprets the Opinion of the Wyoming Supreme Court in granting summary judgment to Plaintiff as the complete adjudication of the legal issues under appeal. The Wyoming Supreme Court enforced the restrictive covenants as equitable servitudes and provided a remedy in equity, that is, the court required specific performance of the covenants. The court simply stated, "Her [Plaintiff's] application should be approved." In resolving the claim in equity, the court did not address either the legal claim, for which monetary damages could be awarded, or the plea for a declaratory judgment on the waiver issue. In *Streets v. J M Land & Developing Co.*, the Wyoming Supreme Court noted that the general view is that "[s]uch agreements [restrictive covenants] are enforceable in equity against all those who take the estate with notice of them." 898 P.2d 377, 379 (Wyo.1995) (quoting 20 Am. Jur. 2d *Covenants, Conditions, and Restrictions* § 304, 868 (1965)). Further the court said, "The availability of a doctrine of equitable enforcement of restrictive covenants is perhaps more clearly approved in *Bowers Welding and Hotshot, Inc. v. Bromley*, 699 P.2d 299, 303 (Wyo.1985) [where the court enjoined the use of appellant's property for commercial purposes]." *Id.* at 380.

8. Plaintiff interprets the Wyoming Supreme Court's statements about the unreasonableness of the Defendant's decision to disallow Plaintiff's application as an adjudication of the breach of contract issue. Regarding the reasonableness issue, the supreme court notes that the CCRs require that approval of applications by the homeowners board "shall not be unreasonably withheld." The court then notes that "[w]e think it quite unreasonable to require Dwan to alter her roof pitch in order to add an otherwise acceptable addition onto her residence," and it later declares that "[i]t defies reason to require a homeowner to build an addition onto her residence with a shallower roof pitch than the rest of the residence." The court, however, makes no finding that Defendant is in breach of contract. The court does not address the contract issue at all.

9. The Wyoming Supreme Court has adopted the requirement of reasonableness in consent-to-build covenants, even if the covenants do not specifically impose such a requirement. *Hammons v. Table Mountain Ranches Owners Association, Inc.*, 2003 WY 85, ¶ 23, 72 P.3d 1153, 1157 (Wyo. 2003). However, the court has also held that a finding of reasonableness is a finding of fact. *Id.* at ¶ 24. Because the Wyoming Supreme Court in its appellate capacity is not a finder of fact, this Court does not interpret the court's remarks regarding unreasonableness as a finding of fact with respect to a breach of contract claim. Rather, this Court interprets the supreme court's determination of unreasonableness as a conclusion of law with respect to the equitable claim for specific performance. Again, this Court concludes that the Wyoming Supreme Court adjudicated this case on the basis of equity to the exclusion of the declaratory judgment and breach of contract claims.

(Footnote omitted.)

■ [¶ 8] The district court correctly interpreted our previous decision in this case. Our opinion stated that Ms. Dwan's "application should be approved," and we remanded the case "for the entry of summary judgment to [Ms.] Dwan on the issue of approval of her application." *Dwan I*, ¶¶ 15–16, 186 P.3d at 1203. In effect, we ordered that her application should be approved. That remedy is consistent with Ms. Dwan's equitable claim for specific performance.

■ [¶ 9] Our cases involving restrictive covenants almost invariably include claims for equitable relief, and often claims for declaratory judgment. *See, e.g., Fayard v. Design Comm. of the Homestead Subdivision,*

2010 WY 51, 230 P.3d 299 (Wyo.2010). While we have often explained that restrictive covenants are contractual in nature, *see, e.g., Dwan I,* ¶ 9, 186 P.3d at 1202, that does not necessarily mean that a homeowner is entitled to recover contract damages against a homeowners association. Ms. Dwan has not identified any provision of her CCRs that would allow her to claim damages against the Association. She has not provided any legal authority, from Wyoming or any other jurisdiction, supporting her claim for damages. As stated by the Association, Ms. Dwan "did not support her claim for monetary relief with any cogent argument or citation to legal authority." Because Ms. Dwan failed to establish that her claim for damages against the homeowners association stated a viable cause of action, the district court did not err in granting the Association's motion for summary judgment on this issue.

***Claim for attorney's fees***

■ [¶ 10] In Wyoming, "[w]e follow the American rule that each party in a lawsuit bears its own attorney's fees in the absence of an expressed contractual or statutory provision for attorney's fees." *McLain v. Anderson,* 933 P.2d 468, 472 (Wyo.1997). We have also recognized that restrictive covenants may provide contractual authority for the recovery of attorney's fees. *Id.* at 473. Ms. Dwan contends that she is entitled to recover attorney's fees under the terms of paragraph 8(c) of her CCRs. The pertinent provisions of that paragraph read as follows:

> Any Owner who uses or allows his or her Site to be used or developed in violation of these Covenants further agrees to pay all costs incurred by the party enforcing these Covenants, ***including reasonable attorney's fees.*** In addition, the Association shall have the right to enforce the restoration of the portions of the Property affected by activities in violation of the terms and conditions of these Covenants to the condition which existed prior to the under-

taking of such unauthorized activity. In all such cases, the cost of enforcement and/or restoration of the Property, ***including reasonable attorney's fees,*** whether or not judicial proceedings are initiated, shall be borne by the violating party.

(Emphasis added.) "Because they are contractual in nature, restrictive covenants are to be interpreted in accordance with the principles of contract law. We construe plain terms of a covenant, if they are sufficiently clear, without reference to any attendant facts and circumstances or extrinsic evidence." *McLain,* 933 P.2d at 474 (internal citation omitted).

■ [¶ 11] Interpreting the clear language of the CCRs quoted above, we agree with the district court that Ms. Dwan is not entitled to recover attorney's fees from the Association. The first sentence allows for the recovery of attorney's fees against an Owner who violated the CCRs. Ms. Dwan is not seeking to recover attorney's fees from another Owner, but from the Association. The first sentence does not apply to Ms. Dwan's situation. The second sentence recognizes the Association's right to enforce the CCRs, and the third sentence allows for the recovery of attorney's fees "[i]n all such cases." Together, these sentences allow the Association to recover attorney's fees when it enforces the CCRs. They do not allow a homeowner like Ms. Dwan to recover attorney's fees against the Association. We find no error in the district court's denial of Ms. Dwan's request to recover attorney's fees against the Association.

[¶ 12] Affirmed.